UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RONALD WALTER WELDON,**

    **Plaintiff,**

v.                                             Case No: 8:10-CV-1220-T-30EAJ

**INGAHM COUNTY FRIEND OF THE
COURT, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted). Dismissal is also appropriate if review of the complaint reveals a lack of subject matter jurisdiction. See, e.g., Figueroa v. Poinciana Ass'n, No. 6:08-cv-830-Orl-19KRS, 2008 WL 3889623, at *1 (M.D. Fla. Aug. 20, 2008).

Plaintiff's complaint centers on efforts by the Ingham County Friend of the Court ("the

Agency"), located in Lansing, Michigan, to collect a child support debt. Plaintiff asserts that the Agency and the other Defendants, alleged corporate representatives acting for the Agency's pecuniary benefit, breached a January 15, 1999 Stipulation and Order for Change of Custody (Dkt. 1 Ex. D) which provided that Plaintiff did not owe child support to the Agency. Plaintiff alleges that this case "is a matter of contract as entered into by private parties" and that Defendants are intentionally attempting to collect an invalid debt (Dkt. 1 at 7).

Plaintiff's claims include breach of fiduciary trust, fraud, peonage, and infringement of civil and constitutional rights. However, the complaint does not state the basis for this court's jurisdiction. To the extent Plaintiff invokes this court's diversity jurisdiction over state law claims, there is no indication that the amount in controversy approaches $75,000.00.[1] See 28 U.S.C. § 1332. Moreover, Plaintiff has failed to clarify which of his civil or constitutional rights were infringed and has otherwise failed to state a claim to relief under federal law that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007).

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) be **DENIED WITHOUT PREJUDICE**;

(2) Plaintiff be granted an opportunity to file an amended complaint; and

(3) Plaintiff's failure to timely file an amended complaint result in dismissal of this matter for lack of subject matter jurisdiction and/or failure to state a claim. See also

---

[1] An exhibit attached to the complaint reflects that the United States Treasury Department redirected $211.48 owed to Plaintiff toward a child support debt under collection by the Agency (Dkt. 1 Ex. A). Another exhibit indicates that on May 29, 2009, Plaintiff's employer was ordered to withhold approximately $753.50 per month from Plaintiff's pay (Dkt. 1 Ex. B).

Local Rule 3.10(a), M.D. Fla.

Date: June 7, 2010

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiff
District Court Judge